**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Kathleen Davis, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 23-cv-03159 |
| | ) | |
| v. | ) | Judge John Robert Blakey |
| | ) | |
| Group 2029, Inc. d/b/a Burger King, and | ) | |
| Maruti Gagan Management LLC, | ) | |
| d/b/a Burger King. | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Kathleen Davis sued Defendants Group 2029, Inc., d/b/a Burger King ("Group 2029") and Maruti Gagan Management, LLC, d/b/a Burger King ("MGM"), for negligence after slipping and falling in a Burger King restaurant. [1]. Defendants now move for summary judgment. [87]. For the reasons explained below, this Court grants Defendants' motion.

## I.  Background[1]

Plaintiff and her husband visited a Burger King, ordering food and filling their drinks at the drink machine. [102] ¶¶ 1–7. After finishing her meal, Plaintiff walked back to the drink machine to refill her drink. *Id.* ¶ 8. Plaintiff did not recall seeing any water or other liquid on the floor on her way to the drink machine. *Id.* ¶ 11. Plaintiff also did not have any difficulty walking through the restaurant. *Id.* ¶ 14.

---

[1] The Court draws these facts from Plaintiff and Defendant's Rule 56.1 Statements of Facts [92], [103], including exhibits, and the parties' responses thereto [102], [109], where supported.

Plaintiff then observed a man she describes as "a big guy" carrying a bucket and mop in the lobby, and assumed he was a Burger King employee, but never saw him mopping anywhere in the restaurant. *Id.* ¶ 13; [109] ¶¶ 1, 2.

After Plaintiff filled her cup with ice, and while she was standing still, Plaintiff fell. [102] ¶¶ 15, 17. Plaintiff did not see any water or other liquid on the floor until after she fell, nor did she notice whether her clothes were wet. *Id.* ¶ 18. Instead, after she fell, Plaintiff saw water nearby and it was her "impression" that water caused her to fall. *Id.* ¶ 22.

Jamie Gent, the general manager, was working the front line at the time Plaintiff fell. *Id.* ¶¶ 37, 38. Gent did not hear any customer complaints about a spill or water on the floor, nor did she see anyone spill liquid on the floor where Plaintiff fell. *Id.* ¶¶ 41, 42. Gent also did not remember anyone mopping the floor before the slip and fall. *Id.* ¶ 43.

Based upon the record, Defendants seek summary judgment, arguing that it remains entitled to judgment as a matter of law, [87]. Plaintiff opposes the motion, [101], and the parties have fully briefed the matter.

## II. Legal Standard

Summary judgment may be properly granted where there is "no dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute as to any material fact exists if "the evidence is such that a reasonable jury could return a verdict" in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party bears

2

the burden of establishing that there is no genuine dispute as to any material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

On a motion for summary judgment, this Court must construe all facts and reasonable inferences in the light most favorable to the non-moving party. *King v. Hendricks Cty. Comm'rs*, 954 F.3d 981, 984 (7th Cir. 2020). The non-moving party bears the burden of identifying the evidence creating an issue of fact. *Hutchison v. Fitzgerald Equip. Co.*, Inc., 910 F.3d 1016, 1021–22 (7th Cir. 2018). To meet this burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Barnes v. City of Centralia*, 943 F.3d 826, 832 (7th Cir. 2019). A mere "scintilla of evidence" supporting the non-movant's position does not suffice; rather, "there must be evidence on which the jury could reasonably find" for the non-moving party. *Anderson*, 477 U.S. at 252.

### III. Discussion

Under Illinois law, to establish negligence in a slip-and-fall, Plaintiff must "bring forth facts that her fall was caused by a liquid substance on the floor attributable to the defendants." *Ishoo v. General Growth Properties, Inc.*, 966 N.E.2d 1160, 1164 (Ill. App. Ct. 2012). Defendants may be liable if: (1) they were directly responsible for the liquid substance on the floor; or (2) Defendants had actual or constructive notice of the liquid substance on the floor. *Id.* A plaintiff may establish constructive notice by presenting evidence that: "(1) the dangerous condition existed for a sufficient amount of time so that it would have been discovered by the exercise

3

of ordinary care, or (2) the dangerous condition was part of a pattern of conduct or a recurring incident." *Zuppardi v. Wal-Mart Stores, Inc.*, 770 F.3d 644, 651 (7th Cir. 2014).

Here, Plaintiff fails to show Defendants were responsible for the liquid on the floor. Plaintiff states she has "no doubt" that a Burger King employee carrying a bucket and a mop, who she identified as "the big guy," must have "put the water on the floor of the restaurant," causing her to slip and fall. [109] ¶ 3. Yet Plaintiff points to no evidence that she fell due to water on the floor. Plaintiff did not recall observing any liquid on the floor near the drink machine before she fell, *id.* ¶ 5, or that there was ever water underneath her feet after she fell, *id.* ¶ 10. Instead, only after her fall, Plaintiff observed a nearby puddle and it was her "impression" that the water caused her fall. [104-12] 33:12. Plaintiff further admits she "never saw" the big guy "actually mopping," or that he was even near the drink machine at any point. *Id.* 19:12-14; 27:4-6; 24:25-25:3. Nevertheless, Plaintiff speculates it was "possible" an employee had mopped the front of the store, or that it was possible an exterminator sprayed chemicals around the drink machine. [101] at 9, 10. In other words, Plaintiff's explanation "may be plausible," but Plaintiff "has presented no evidence to support it." *Yoon v. Menard, Inc.*, No. 20 CV 6281, 2023 WL 12004452, at *2 (N.D. Ill. May 4, 2023).

As "the 'put up or shut up' moment in a lawsuit, summary judgment requires a non-moving party to respond to the moving party's properly-supported motion by identifying specific, admissible evidence showing that there is a genuine dispute of

4

material fact for trial. Such a dispute exists when there is sufficient evidence favoring the non-moving party to permit a trier of fact to make a finding in the non-moving party's favor as to any issue for which it bears the burden of proof." *Grant v. Trustees of Indiana Univ.*, 870 F.3d 562, 568 (7th Cir. 2017) (citations omitted). Here, Plaintiff offers only mere speculation, guess, or conjecture as to what probably happened.

Plaintiff also fails to show Defendants had actual or constructive notice of the disputed liquid. Indeed, Plaintiff does not argue Defendants had any notice, stating she "does not need to prove that the business had actual or constructive notice of a dangerous condition," and instead opting to argue Defendants placed the liquid on the floor through their own negligence. [101] at 8; *see Sasser v. Alfred Benesch & Co.*, 576 N.E.2d 303, 308 (Ill. App. Ct. 1991) (theories not argued in summary judgment proceedings are waived). Waiver aside, Plaintiff points to no evidence that Defendants actually placed the liquid on the floor, resorting only to unsupported conjecture. Further, Plaintiff offers no evidence or argument that Defendants should have discovered the liquid. Thus, her claim fails as a matter of law.

Nor can Plaintiff succeed under a premises-liability theory. In Illinois, "businesses owe their invitees a duty to maintain the premises in a reasonably safe condition to avoid injuring them." *Zuppardi*, 770 F.3d at 649. But to win under a premises-liability theory, Plaintiff must show Defendants had actual or constructive knowledge of dangerous or defective conditions. *Barrios v. Fashion Gallery, Inc.*, 255 F.Supp.3d 728, 731 (N.D. Ill. 2017) (collecting cases). Absent evidence to show that Defendants were or should have been aware of a danger with the liquid, there exists

5

no genuine dispute of material fact for a jury to resolve with respect to premises liability.

## IV. Conclusion

For the reasons explained above, this Court finds that Plaintiff has presented no evidence from which a reasonable jury could find that Defendants caused her injury, or that anyone at Defendants knew or should have known of the liquid. As a result, her negligence claim fails as a matter of law, and the Court, accordingly, grants Defendants' motion for summary judgment [87]. Civil case terminated.

Dated: July 23, 2026 Entered:

John Robert Blakey
United States District Judge